### GEORGE JOEL, A FREEDMAN v. THE STATE.

An indictment charging the offense to have been committed on the same day as that on which the indictment was returned into court is bad, unless there be a further allegation, that the offense was committed anterior to the finding by the grand jury. This allegation is a positive requirement of the law, which must be observed. (Code of Crim. Pro., Art. 395, subd. 6; Paschal's Dig., Art. 2863, Note 720.)

And it was urged that the fact that the day laid in the indictment was Sunday raised a presumption of a clerical mistake in the date assigned to the return of the indictment into court, and that it would obviate the defect. But the court took no notice of the point.

APPEAL from Travis. The case was tried before Hon. JOHN IRELAND, one of the district judges.

The appellant was indicted at the fall term, 1866, for

theft of a shirt. The indictment charged the offénse to have been committed on the 25th of November, 1866, that being the same day as that on which the indictment was returned into court.

A motion was made to quash the indictment in the court below, for the reason, among others, that the time laid in it was not anterior to the presentment of the indictment. The motion was overruled, and on his trial the defendant was convicted, and sentenced to two years' imprisonment in the penitentiary. A motion in arrest of judgment, assigning the same reasons as the motion to quash, was also overruled, and the defendant appealed.

*Bowers & Walker* for the appellant, cited the case of The State v. Smith, 24 Tex., 286.

*William M. Walton, Attorney General,* for the State.—The statute is express, that the exception shall assert the fact "that the offense was committed after the finding of the indictment." But I feel very confident that this case can be relieved of the point, even if it be, *prima facie,* well taken, and would ordinarily prove fatal.

I. By reference to the calendar, it will be seen that the 25th day of November came on Sunday, a day on which the grand jury transact no business. The date of the offense is properly charged: it occurred on the 25th.

II. The ascertainment of the fact that the indictment could not have been presented on Sunday raises the presumption that the indictment was presented at a subsequent day, and that the indorsement on the indictment is a clerical error, and does not truly represent the day on which the indictment was brought into court; which is really the truth.

Donley, J.—The sixth division of article 395 of the Code of Criminal Procedure, in defining what shall be

sufficient allegations in an indictment, provides that the time mentioned must be some date anterior to the presentment of the indictment.

The indictment in this case alleges the offense to have been committed on the 25th day of November, 1866, the same day on which the indictment was returned and filed in the court.

There is no allegation that the offense was committed anterior to the finding by the grand jury. This allegation is a positive requisition of the law, and must be observed. The judgment is reversed, and the cause

DISMISSED.