## WILLIAM YORK *v.* THE STATE.

INFORMATIONS. — The time of the commission of the offense, as alleged in an information, must be a date anterior to the filing of the information. If a date subsequent to the filing be alleged, the information is fatally defective in substance, inasmuch as it cannot be held to charge that any offense has been committed.

APPEAL from the County Court of Bell. Tried below before the Hon. E. WALKER, County Judge.

The charge was aggravated assault, of which the appellant was found guilty, and a fine of $100 assessed against him.

*Fay & Monteith*, for the appellant.

No brief for the State.

WINKLER, J.    One of the requisites of an information is that the alleged time of the commission of the offense must be some date anterior to the filing of the information. Code Cr. Proc., art. 403, 6th subdiv. (Pasc. Dig., art. 2870). The corresponding requisite of an indictment is that the time mentioned must be some date anterior to the presentation of the indictment. The cases are almost identical, the requirement in each being that it must appear that the time which the offense is charged in the information or in the indictment to have been committed is a date anterior to the commencement of a prosecution against the accused, by the filing of an information in the one case, or the presentation of an indictment in the other.

In the present case both the affidavit of the complaining witness and the information based upon it are shown by the transcripts to have been filed on November 17, 1876, whilst the offense of which the accused is charged is alleged to have been committed on November 20, 1876, three days subsequent to the date of filing the information.

It was objected in the County Court, in a motion in arrest of judgment, that the information is entirely insufficient in law, which motion, having been overruled, is assigned as error. The objection to the information is believed to have been well taken, and that the motion in arrest of judgment should have been sustained.

The objection, it is believed, is one of substance. One of the enumerated exceptions mentioned in the Code, which may be taken to the substance of an indictment or information, is " that it does not appear from the face of

the same that any offense against the law was committed by the defendant.'' Can it be said that an information which speaks as of the date of its filing can, in anticipation, charge any offense against the law on a date in the future? Certainly not.

Believing that the views we have taken with regard to the sufficiency of the information must be decisive of the case for the present at least, we have not deemed it necessary to notice several other interesting questions presented by the record.

On the authority of the cases of *Joel* v. *The State*, 28 Texas, 642, and *Nelson* v. *The State*, 1 Texas Ct. App. 556, as well as the provisions of the Code referred to, the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*