### George Williams *v.* The State.

1. Pleading — Time.— It is a positive requirement of the Code of Procedure that the indictment or information shall charge the commission of the offense at a date anterior to the presentment of the indictment or the filing of the information.

2. Same.— An information and its supporting affidavit were filed June 8th, and in both it was charged that the offense was committed on June 8th. Neither alleged that the offense was committed before the information was filed. *Held*, that the information is fatally defective.

Appeal from the County Court of McLennan. Tried below before the Hon. G. B. Gerald, County Judge.

The conviction was for assault and battery.

*Jennings & Baker*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WILLSON, J.   In this case the information and the complaint both charge that the offense was committed on the 8th day of June, 1881, and both are filed and presented in court on the 8th day of June, 1881; and there is no allegation that the offense was committed anterior to the presentment of the information.

Repeated decisions, as well as the statute, show this information to be fatally defective because of the omission to allege that the offense was committed anterior to the filing of the information. (Code Crim. Proc. art. 430; *Joel* v. *State*, 28 Texas, 642; *Nelson* v. *State*, 1 Texas Ct. App. 556.) The judgment of conviction is reversed, and the information is dismissed.

*Reversed and dismissed.*