[No. 1762.]

GEORGE WILLIAMS *v.* THE STATE.

1. COMPLAINT — INFORMATION.— Whilst it is absolutely essential to the sufficiency of an information that it should allege the offense to have been committed at some time anterior to the filing of the same, it is not necessary that the complaint or affidavit upon which it is based should do so. Such affidavit is sufficient as to time if it allege, as definitely as can be done by the affiant, the time and place of the commission of the offense. See the opinion for an information *held* sufficient to charge the offense of theft of property of less value than $20.

2. THEFT — CHARGE OF THE COURT.— The information charging the theft of a male hog, the defendant asked the court to charge that "a male hog is one which has not been changed from a boar to a barrow by castration,— that is, by depriving said hog of its seed." A barrow, as defined by Webster, is "a hog, especially a male hog, castrated." *Held*, that the special charge was correctly refused.

3. SAME — FACT CASE.— See the opinion and the statement of the case for evidence *held* insufficient to support a conviction for theft of a hog.

APPEAL from the County Court of Austin. Tried below before the Hon. S. D. Blake, County Judge.

The conviction was for the theft of a hog, of the value of $5, the property of Frank Collins, in Austin county, Texas, on the 29th day of July, 1884. The punishment assessed against the appellant was a fine of $10, and confinement in the county jail for the period of fourteen hours.

The complaint or affidavit upon which the information in this case was based recites the appearance before the qualifying officer of Tom Francis, as the affiant, and is signed by Tom Francis with his mark.

Frank Collins was the first witness for the State. He testified that he lived near Sempronius, Austin county, Texas. On or about July 29, 1884, he lost a barrow hog. Between 11 and 12 o'clock on that day, Tom Francis came to the witness and told him that one of his hogs had been killed. Witness went with Francis to a point in Luhn's pasture near witness's house, and about three hundred yards distant from Francis's house, and about the same distance from the defendant's house, he found the dead animal. The hog seemed to have been dead about one hour. It had been knocked in the head and its throat was cut. Witness gave his consent to no one to kill that animal. The hog was worth about $5.

Cross-examined, the witness said that he had known the defendant about two years. Defendant has borne a good reputation for honesty in the neighborhood. Witness also knew Tom Francis. Tom Francis's character is not estimated by all neighbors alike. Some say that they would not believe him on oath, and others that he is honest and trustworthy. The range of the witness's hogs, six in number, was in Luhn's pasture, near the defendant's house. A dense thicket stands within fifty yards of the defendant's house. Defendant could kill every one of the witness's hogs in this thicket with no danger of detection. Witness procured the hogs mentioned from his father. They very often slept on the defendant's place. Witness did not make the complaint upon which this prosecution was predicated. It was made by Tom Francis.

Tom Francis was the next witness for the State. He testified that he lived in Austin county, near the residence of the witness Frank Collins. About 11 o'clock on September 29, 1884, witness was in Luhn's pasture, horse hunting, when he saw the defendant put his gun down, and catch and kill one of Frank Collins's black and white barrow hogs, by knocking it in the head with a stick and cutting its throat with a knife. He then took his gun up, carried it about fifty yards, put it down again, and started back to the dead hog, but saw the witness, who was then squatting in the grass. Instead of going to the hog he joined the witness, and the two talked a short while about a locust-catching bug. Witness then got up and left, and the defendant did likewise. Witness went and told Mr. Luhn and Frank Collins about the killing of the hog, and piloted Frank to the dead animal.

Cross-examined, the witness stated that the defendant killed the hog about fifty yards from Collins's house. Witness heard the hog squeal when defendant caught it. Witness did not make the complaint in this case before the justice of the peace. He neither signed

his name nor affixed his mark to an affidavit in this case. He touched no pen in the making of his mark to any affidavit in this case. Witness went before the justice of the peace with Frank Collins on the day that the hog was killed, and saw Frank Collins make the complaint. Defendant was arrested on the same day.

Herman Luhn testified, for the State, that on or about the day alleged in the information, Frank Collins and Tom Francis brought and showed to the witness at his gin the dead body of a black and white spotted hog. The hog's throat appeared to have been cut with a pocket-knife, and its head looked somewhat bruised. The State closed.

Amy Williams, the defendant's mother, testified in his behalf that she and the defendant lived together on the farm of Mrs. Mary Francis, near Sempronius, Austin county, Texas. Witness distinctly remembered the day on which the defendant was arrested for the theft of Frank Collins's hog. Between 8 and 9 o'clock on that morning, witness and defendant went together to the house of Charley Williams. Thence defendant, witness, her two small grandsons, Charley Williams and George Collins, went together up the creek in Mr. Pfeffer's field, fishing. They fished by muddying the holes in the creek. Some time late that evening Mr. Sapp came to where the parties named were fishing and arrested the defendant. Defendant had no gun. He did not leave the witness during the day, and could not have done so for any length of time without witness's knowledge. Pfeffer's field is a mile and a half distant from Luhn's pasture. George Collins corroborated the testimony of this witness, and said that from 9 o'clock in the morning until his arrest that evening the defendant was with him, and was not in Luhn's pasture.

Three or four defense witnesses testified that they well knew Tom Francis's reputation for truth and veracity; that it was exceptionally bad, and that they would not and knew of no one in the neighborhood who would believe him on oath.

The motion in arrest of judgment raised the questions discussed in the opinion.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. The complaint upon which the information in this case was based alleged the date of the offense to be the 29th day of July, 1884, and it was sworn to before the justice of

the peace on the 29th day of July, 1884. The information was filed November 26, 1884. A motion in arrest of judgment was made upon the ground that the affidavit or complaint upon which the information is based was sworn to and filed on the same day the offense was alleged to have been committed, and said affidavit does not charge that the offense was committed anterior to the filing of the same. Had the information been filed on the 29th of July, 1884, there can be no question but that the motion would have been well taken and should have been sustained. (Code Crim. Proc., art. 430; 28 Texas, 642; 1 Texas Ct. App., 556; 3 Texas Ct. App., 149; 5 Texas Ct. App., 207; 12 Texas Ct. App., 226; 14 Texas Ct. App., 566.)

With regard to informations filed on the same day the offense is charged to have been committed, it has been held that the word *heretofore* sufficiently indicated an offense anterior to its presentment. (*Wilson* v. *The State*, 15 Texas Ct. App., 151.) But whilst such an allegation is absolutely required in an information (Code Crim. Proc., art. 430), there is no such requisite prescribed for complaints. As to time, it is only required that " it must state the time and place of the commission of the offense as definitely as can be done by the affiant." (Code Crim. Proc., art. 236, subd. 3.) " It is not required that a complaint should set forth the offense with the same particularity required in an indictment or information." (*Arrington* v. *The State*, 13 Texas Ct. App., 551.) While the complaint in this case would be defective as an indictment or an information, we think it is not repugnant to any of the requisites of a complaint. The motion in arrest was properly overruled.

The information charged the theft of "a male hog." Defendant complains that the court refused to charge, as requested, " that a male hog is one which has not been changed from a boar to a barrow by alteration; that is, depriving said hog of its seed." Mr. Webster defines a barrow to be "a hog, especially a male hog, castrated." There was no error in refusing the instruction.

We are of the opinion that, in this case, the verdict and judgment are against the evidence. They rest solely upon the testimony of a. witness who, according to his own story, had as good opportunities for killing the hog as appellant — a witness whose general reputation for veracity was impeached, and who on the trial denied he had made the affidavit or complaint in this case; which statement the affidavit showed to be false. On the other hand, appellant proved a good character by the owner of the hog, who evidently, from his testimony, we infer, did not believe the defendant guilty; and besides

this, he established an *alibi.* Taken as a whole, we are of opinion the evidences of guilt are not sufficiently established to warrant the verdict and judgment, and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered February 7, 1885.]