## GEORGE BOSWELL v. STATE.

No. A-4313.    Opinion Filed Feb. 4, 1924.
(222 Pac. 707.)

(Syllabus.)

1.    **Intoxicating Liquors—Searches and Seizures—Constitutional Right to Immunity from Unauthorized Search and Seizure—Waiver.** The constitutional right to immunity from an unauthorized search and seizure may be waived. Held, that the declarations and conduct of the accused constituted such waiver.

2.    **Trial—When Refusal to Instruct on Circumstantial Evidence not Erroneous.** Ordinarily, where there is strong direct evidence supporting a conviction, the refusal to instruct the jury on circumstantial evidence constitutes no error.

Appeal from County Court, Greer County; Jarrett Todd Judge.

George Boswell was convicted of the illegal manufacture of whisky, and he appeals.    Affirmed.

A. M. Stewart and H. H. Edwards, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J.    At 11 o'clock on the night of the 29th of April, 1920, six officers went to the home of the defendant, a farmer, and called him from his bed to the door, where they told him that they had come to search his premises for a whisky still.    The defendant replied, "All right; help yourselves."    These officers had no search warrant and no warrant for the arrest of the defendant.    They proceeded to search the premises and found a barrel of fermented grain and sugar (or some sweet substance) near a hog lot, and another barrel half full of the same kind of mixture in an outhouse.    The search was continued until daylight.    While the defendant's wife was preparing breakfast for the officers the defendant called the sheriff aside and said to him,

"You needn't search any more; I'll just tell you where it (the still) .is." He then told them that the still was at Mr. Vance's, a neighbor, nearby, and that he and Mr. Vance had carried the mash from the half full barrel in the out-house over to the still to "boil and make up." The officers then proceeded to the Vance premises, where they found a hidden still and a quantity of whisky that had just been run off. Edward Hines, a deputy sheriff, corroborated the sher-iff's story, stating that the defendant went with them over to the still on the Vance place and showed them where it was; that it was in a pit dug under the barn and under a haystack, with an entrance through a trap door; that Boswell told Vance he had just as well tell where it was; that Vance then offered to show them, and went with some of them and with Boswell to the place where it was found. While this was going on Vance told the officers, in the presence of Boswell, that he brought the mash from over at Boswell's. These facts were in several particulars corroborated by the other officers.

It was the theory of the state, supported by this evidence, that the defendant and Vance were interested together in the manufacturing of whisky, that the defendant made and caused to be fermented the mash on his premises, and that Vance and the defendant together conveyed it to the still on the Vance premises, where the process of distillation was carried on.

The defendant says the conviction should be set aside: First, because the evidence supporting it was procured by an illegal search and seizure. Second, Because the court re-fused to give a requested instruction on circumstantial evi-dence. Third. That the evidence is insufficient to support the verdict.

The testimony shows that the defendant knew the sheriff and some of the other officers; that when the sheriff told him that they had come there to search for a still the defendant said, "Help yourselves." It is true the officers were armed and came there in the nighttime, but there is nothing to show that any threats were made or that the permission to make the search was due to intimidation. The inference fairly deduced from the evidence is that the defendant knew that there was no still upon his premises, and, with a feeling of security that none would be found, gave the officers permission to make the search. After the mash was discovered and it was ascertained that it contained sugar and possibly other ingredients to facilitate fermentation, the defendant then informed the officers where the still could be found, and in effect admitted that he was interested in its operation. Under these and the other circumstances disclosed in the record we hold that the right of immunity from search and seizure was waived.

It is next contended that the court erred in refusing to give an instruction on circumstantial evidence. We think this contention is without merit. The court instructed the jury upon the law of aiding and abetting, or being indirectly interested in the commission of the offense charged. The testimony of the sheriff and deputy sheriff that the defendant admitted that he was interested was direct evidence, not circumstantial. Under these circumstances there was no error committed in refusing to instruct the jury on circumstantial evidence.

Likewise the third assignment of error must be rejected. The defendant admitted his guilt, and other circumstances indicated that he was interested in the still and its operation.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.