## EARL BEST et al. v. STATE.

No. A-5149.   Opinion Filed Oct. 22, 1925.
(240 Pac. 159.)

Babcock & Trevathan, for plaintiffs in error.

George F. Short, Atty. Gen., for the State.

DOYLE, J. The plaintiffs in error were tried and convicted upon an information charging that in Canadian county, on or about the 1st day of February, 1924, they, the said Earl Best, Horace Hickam, and Jim Best, did then and there attempt to manufacture intoxicating liquors. March 10, 1924, the court rendered judgments in accordance with the verdicts returned by the jury and sentenced the defendant Earl Best to pay a fine of $250 and be confined in the county jail for 30 days, the defendant Horace Hickam to pay a fine of $250 and be confined in the county jail for 30 days and the defendant Jim Best to pay a fine of $125 and be confined in the county jail for 30 days.

The errors assigned and relied upon for a reversal of the judgments are that the court erred in permitting the officers to testify as to evidence obtained by them under an unlawful search and seizure, and that the evidence is insufficient to sustain the verdicts returned by the jury and judgments rendered thereon.

The undisputed facts are that the defendants Earl and Jim Best resided for 20 years on a farm on the south side of the South Canadian river, with their father and mother during their father's lifetime, and for two years thereafter with their mother. There are two houses on this farm, just across the section line from each other. The old home place was at the time in question rented and occupied by Mr. Horn and the smaller house on the north side of the road was occupied by Jim Best, his family, and his mother until they left the farm. Mrs. Best's furniture was left in the house, and a thresher and tractor were left there, which Jim Best, his brother, Earl, and Horace Hickam operated in the neighborhood, during the season of 1923.

The sheriff and three deputies each testified that on February 1, 1924, they searched the premises occupied by the defendants and found a still about 150 yards from the house buried under a bluff; also found about 4 barrels of

mash buried about 20 yards beyond the still, and another barrel of mash up in a canyon. Down the river about 250 yards on another tract of land they found a cave and in it was a 5-gallon jug and a barrel; that they loaded the still on their car and destroyed the mash and went to the house; that while there the defendants Earl Best and Horace Hickam drove up in a car; that they arrested them without a warrant. The still found and seized was introduced in evidence.

The witnesses for the state admitted that the search and seizure was made without a search warrant. The record shows that before the commencement of the trial counsel made a motion to suppress all the evidence which the state seeks to use on the ground that it had been obtained by means of an unlawful search of the premises occupied by the defendants, and was an unreasonable search and seizure made in violation of the constitutional rights of the defendants. All the evidence for the state was admitted against the objections of the defendants.

At the close of the state's evidence the defendants moved to strike all the evidence, whether by way of exhibits, or by way of testimony obtained by reason of the search, and to withdraw the same from the consideration of the jury on the ground that the search was made in violation of their constitutional rights. The motion was overruled. They then moved for a directed verdict on the ground that the state had failed to establish facts sufficient to connect them with the alleged offense. This was also overruled.

On the part of the defense the evidence shows that Jim Best left the farm and moved to El Reno, December 29, 1923; that about the middle of January Earl and Jim Best went to the farm to butcher a hog that had been left on the premises and that they helped one of their neighbors to butcher a hog that day; about 10 days later they

went out to see Mr. Braugh, who had erected an oil derrick in the vicinity, about going to work on the oil well, and they went down and stayed at the house that night; that about the 20th of January the three defendants went out and did some threshing for Mr. Elberts, a neighbor, and the next morning went up to see Mr. Braugh at the oil well, and then returned to El Reno; that on the 1st of February Earl Best and Horace Hickam, having been led by Mr. Braugh to believe that work on the oil well would begin about that time, drove out from El Reno to the oil well and talked with Mr. Braugh, and then drove down by the Best place, and, seeing the officers in front of the place with a still tied on their car, they stopped. The officers asked them who they were, and, on being told, arrested the two boys, Earl Best and Horace Hickam.

As witnesses on their own behalf, they denied any knowledge of the still or the mash found. As to the times the defendants were out to this place and what they were doing while there, they are corroborated by other witnesses.

It has been repeatedly held by this court that where a conviction is based solely on evidence obtained by an unreasonable and unauthorized search and seizure, admitted over timely objection and exception, the judgment of conviction will be reversed.

A reasonable and lawful search and seizure is provided for in the Constitution by means of a search warrant, supported by oath or affirmation, showing probable cause (Bill of Rights, § 30), and others are unreasonable and unlawful within the meaning of the constitutional provision.

In the case of Gore v. State, 24 Okla. Cr. 394, 218 P. 545, this court held that:

"Any articles, papers, or property seized by the officers or agents of the court, under color of an unreasonable or unauthorized search and seizure, taken from the home,

office, or private premises of one accused of an offense, should not be used as evidence against an accused, where timely objections are made to the introduction of such evidence so illegally obtained."

And further that:

"The same rule will apply to objections made to oral testimony of the officers relating to such illegal search and seizure."

And further that:

"The reception of evidence so obtained is in conflict with sections 21 and 30 of the Bill of Rights, giving one accused of crime immunity from becoming a witness against himself, and inhibiting unauthorized searches and seizures."

We hold, therefore, that the evidence challenged in this case was taken by the officers by an unlawful search and seizure and contrary to section 30, art. 2, of the Bill of Rights, and was improperly received in evidence against the defendants in violation of their rights under that clause of section 21, art. 2, of the Bill of Rights, giving one accused of crime immunity from becoming a witness against himself.

The judgments appealed from herein are accordingly reversed, and the cause remanded, with directions to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.