## R. C. EVANS v. STATE.

No. A-5427.   Opinion Filed May 1, 1926.
(245 Pac. 912.)

Wm. E. Foreman, Jas. H. Sykes, and Franklin H. Griggs, for plaintiff in error.

The City Attorney, for the State.

BESSEY, P. J.   The plaintiff in error, R. C. Evans, here designated the defendant, was found guilty of the illegal transportation of whisky, with his punishment fixed at a fine of $100 and 60 days in jail.

The testimony discloses that certain peace officers searched the car of the defendant without a search warrant while the car was standing in a public alley in Tulsa.   They

found 45 pint bottles of whisky in the car. Some of this they found while the car stood in the alley, before the defendant came up, and the major portion they recovered as the defendant was in the act of driving away. The defendant had backed his car and moved about four or five feet when apprehended. The officers did not know whether the whisky was placed in the car at this point or not.

Under the laws of this state a private conveyance may not be searched on suspicion without a search warrant. With a proper search warrant, based upon an affidavit setting forth facts showing probable cause for believing that the car contains liquor, a car may be searched, as a building or rooming house.

In this case the officers' suspicions were well founded, but that will not justify the unlawful search or purge it of its illegality. The law recognizes that the evils flowing from indiscriminate searches on mere suspicion are greater than the evil of an occasional escape of the guilty, made possible by the rule prohibiting searches and seizures on suspicion only.

For the reasons stated, the judgment of the municipal criminal court of Tulsa is reversed, with instructions to dismiss the cause.

DOYLE and EDWARDS, JJ., concur.