## M. M. COOK v. STATE.

No. A-6720.   Opinion Filed August 24, 1929.
(280 Pac. 626.)

Hays Dillard, for plaintiff in error.

Toby Morris, Co. Atty., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Cotton county on a charge of stealing 48 bushels of oats, and his punishment fixed at a fine of $75 and to be confined in the county jail for a period of 10 days.

The defendant raises two questions in his brief, the first being that the evidence is insufficient to support the verdict of the jury.   This court has many times held that, where there is any competent evidence in the record supporting the verdict of the jury, the verdict will not be set aside because of insufficient evidence.   Miller et al. v. State, 43 Okla. Cr. 184, 277 Pac. 687; Richerson v. State, 43 Okla. Cr. 293, 278 Pac. 356; Butcher v. State, 44 Okla.

Cr. 124, 279 Pac. 973; Berry et al. v. State, 44 Okla. Cr. 150, 279 Pac. 982.

The defendant next contends that the evidence was inadmissible, because obtained without a search warrant. The sheriff testified as follows:

"Q. That is, the defendant's place? A. Yes, sir; and when we got there we drove up, and he come to the car, where we are, and I told him that Mr. Tucker had lost some oats, and that we would like to look for the oats, or that we were looking for the oats, and ask if objected to us looking the place over, and he says, 'Go ahead,' and we went out to the barn, and there were two piles of oats.

"By the Court: Q. When you went to the defendant's premises, did you have any warrant at all? A. No, sir.

"Q. When the officers drove upon the premises, did you drive in the yard? A. Yes, sir.

"Q. Who were the officers with you? A. Mr. Graham and Mr. Kinser.

"Q. Mr. Kinser is a constable, I believe? A. Yes, sir.

"Q. You found the defendant at home? A. Yes, sir; he was out at the barn; we stopped 15 or 20 steps from the barn; he came out to meet us.

"Q. You say you talked to him? A. Yes, sir.

"Q. Just tell us what was said, as best you can, in just the language used. A. Well, as well as I remember, I told Mr. Cook that Mr. Tucker had lost a load of oats, and ask him if he would object to us searching, and he said, 'No, go ahead,' and that was about all I remember that was said there.

"Q. You told him that you were looking for a load of oats that Mr. Tucker had lost; then did you ask him permission to search his premises? Just what was your

attitude, or did you tell him you were going to search his premises? A. No, sir; I never do that. I ask if he objected to us searching; I never search any man's place without asking his permission.

"Q. Would you have searched the premises anyway, if he had made objections to the search? A. No, sir; I never do that; when I ask him to search he said, 'Go ahead and search.'

"Q. Was there any element of coercion at all, used on him, when he gave you permission to search? A. No, sir."

It appears from the record that the sheriff made no claim to having a search warrant, but that the defendant consented to the search of the premises. Under the facts disclosed in this case, no search warrant was necessary. Section 30, art. 2, Constitution of Oklahoma, provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

Under the provisions of this section of the Constitution the house of the defendant could not be seached without a valid search warrant, unless the defendant voluntarily consented to the same. The immunity guaranteed by section 30, art. 2, is a personal one, which may be waived by the defendant. The evidence in this case shows that the defendant did waive it.

The evidence being sufficient to support the verdict, and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J., absent.