## LUKE SHORT v. STATE.

No. A-7580.   Opinion Filed Aug. 16, 1930.
Rehearing Denied Sept. 13, 1930.
(290 Pac. 934.)

L. C. McLean, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Garfield county on a charge of having unlawful possession of one-half gallon of whisky, and his punishment fixed at a fine of $500 and confinement for six months in the county jail.

The state called E. J. Peel and Charles Allen as witnesses, who testified that they went to the home of defendant, and not finding him at home, they used a skeleton key and entered the house and there found a funnel, some empty fruit jars and empty bottles that smelled strongly of whisky, and found a half-gallon of whisky hid under the covers in the bed. Thereupon the witness Peel identified a half-gallon jar of whisky as found in the home of the defendant and the state introduced the same in evidence. The defendant filed no motion to suppress the evidence, and made no objections to the testimony of the state nor to the introduction of the whisky, and did not cross-examine the state's witnesses.

When the state rested, the defendant demurred to the evidence for the reason that the state had wholly failed to prove the allegations in the information or to charge the defendant with the commission of any crime, which demurrer was by the court overruled. The defendant then took the witness stand in his own behalf and admitted the possession of the liquor and paraphernalia found by the state in the search, but claimed he had the liquor for his own personal use. Defendant now contends that the court erred in admitting the evidence of the state for the reason that the search and seizure was void as made without any search warrant.

Where the defendant makes no motion to suppress the evidence and makes no objection to the introduction of the evidence, he thereby waives any objection to the manner in which the evidence introduced against him was obtained.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.