# O. C. COMBEST v. STATE.

No. A-7705.   Opinion Filed May 23, 1931.
(299 Pac. 920.)

Sam S. Gill, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county of having the unlawful possession of intoxicating liquor and was sentenced to pay a fine of $500 and to serve six months in the county jail.

At the time charged, certain officers with a search warrant went to defendant's residence. They first searched an automobile sitting in front of the house and in it found four gallons of whisky. They then searched the house and found a half-gallon of whisky concealed in a cupboard. About this time defendant came into the house and stated to the officers that the whisky belonged to him; that his wife did not have anything to do with it, and further said: "I am handling whisky but not in the amount you think." Over objection the state was permitted to prove that defendant's wife in his presence said in substance that the whisky belonged to defendant and she was trying to get him to quit selling it. Defendant did not take the stand and offered no testimony.

Complaint is made that the information is insufficient in failing to allege that the offense was committed prior to the filing of the information. The information alleges the offense was committed on June 26, 1929, the same day the information was filed. Section 2563, Comp. Stat. 1921, sets out the essentials of an indictment or information. In subdivision 5 it is provided the indictment or information is sufficient if it can be understood therefrom "that the offense was committed at some time prior to the time of filing the indictment or information." In subdivision 6, Id., it is provided the information is sufficient if " * * * the act or omission charged as the of-

fense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." This court, in Turnage v. State, 40 Okla. Cr. 180, 267 Pac. 1038, in substance, held that where an offense is alleged to have been committed on the same day the information is sworn to and filed, the information should contain the allegation that the offense was committed anterior to the filing of the information. That decision is based on a statement in Wharton's Crim. Pro. vol. 1, p. 216, § 162, as follows: "To assign the day as that of the finding of a bill (unless and by a specific averment that the offense was prior to the finding) is bad." Several authorities are cited by Wharton in the note in support of the text. We have examined all these authorities and only the Texas cases are in point. Joel v. State, 28 Tex. 642; Williams v. State, 12 Tex. App. 226.

Our statute is controlling. Section 2563, subdivisions 5 and 6, supra. When the information is such that it can be understood therefrom that the offense was committed prior to the time it is filed, and in such manner as to enable a person of common understanding to know what is intended, it is sufficient. The information in this case charges in the past tense that defendant "did * * * commit the crime, etc., * * * for that he did then and there, etc., * * * have the possession of * * * whisky. * * *" Can it be said that it is necessary to allege the commission of the offense in the past tense and to further allege it was committed before the filing of the charge? Certainly not. In an ordinary conversation, if one person tells another that he did a certain thing on the particular day on which the conversation occurred, would not the person spoken to clearly understand that the matter referred to had already been done? An offense charged in the past tense

is an allegation that the offense has already been committed. No person of common intelligence could understand anything else. Any other view is ridiculous. In so far as the Turnage Case, supra, is in conflict with the views herein stated, it is expressly overruled.

The contention is made that the court erred in admitting testimony of a statement, made by the wife at the time of the arrest, that she was trying to get defendant to quit selling whisky. With this contention we are in entire accord. The statement was inadmissible for two reasons: First, the wife was an incompetent witness against the husband. Second, the statement was hearsay, and defendant was not called upon to contradict it. Admitting this statement in evidence was error. Section 2699, Comp. Stat. 1921. Jenkins v. State, 28 Okla. Cr. 249, 230 Pac. 293.

It is also argued that the search of the automobile sitting in front of defendant's house was unlawful and evidence obtained thereby inadmissible. With this contention we are also in accord. The officers had no warrant to search the automobile and the search was unlawful. Smith v. State, 48 Okla. Cr. 115, 289 Pac. 792; Bowen v. State, 50 Okla. Cr. 36, 295 Pac. 623.

The question we must determine then is: Do these errors require a reversal? The search of the house was legal and the half-gallon of whisky found therein, being sufficient in quantity to raise a presumption of an intent to violate the law, and the further undisputed testimony of the officer that defendant at the time told the officer the whisky was his, that he was handling whisky but not in the quantity the officer suspected, is such that no honest jury could have returned a verdict other than guilty. The admission of this incompetent evidence, how-

ever, no doubt influenced the jury in assessing the maximum punishment. If the judgment be modified by reducing the punishment assessed to the minimum fixed by law, no prejudice will have resulted. Section 2822, Comp. Stat. 1921. The judgment, therefore, is modified to a fine of $50 and a term of 30 days in the county jail.

As modified, the case is affirmed.

CHAPPELL, J., concurs. DAVENPORT, P. J., absent, not participating.