STATE v. G. M. COBURN.

No. A-9569.   Nov. 2, 1939.
(95 P. 2d 670.)

68

Mac Q. Williamson, Atty. Gen., for the State.

John W. Whipple, of Stillwater, for defendant in error.

DAVENPORT, J. This an appeal by the state of Oklahoma from a judgment of the district court of Payne county, Okla., sustaining a motion of the defendant to suppress the evidence of the state secured by a search of the defendant's home.

The defendant in his motion alleges that the search and seizure of his home and premises was without authority of law and in violation of the law, and the search of his domicile, premises, and messuage was in violation of the defendant's legal and constitutional rights; that the officers arresting him first came upon his premises with-

out a search warrant of any nature, kind, or description, and without having been invited by the said defendant; that two of the said officers came into the house and home of the defendant, and one remained on the front porch; and that a search was started by the officers; and later they discovered that they had no search warrant; and one of the officers went back to the town, and the other two remained in and around the house until the one that went back to town got back with what he claimed to be a search warrant; that the defendant was not committing any offense in the presence of the arresting officers, and was not engaged in the commission of a felony or any other act in violation of the laws of the state of Oklahoma.

A hearing was had upon the motion to suppress; testimony was taken; and it is not disputed by the state's officers that they went to the defendant's home; that one of the officers went to the back door; one to the front door and went in and began to look and search around in the house; and finally one of the other officers came from the front door inside, and stated, "I haven't got a search warrant," or words to that effect; that two of the officers who were present and took part in the search and seizure after it had begun, one stayed on the front porch, and the other stayed in the house and remained there until the other officer went back to town and got a search warrant to come back to the defendant's premises, where two of the deputies were present, one in the house and one on the porch, apparently guarding the house and premises and the defendant until they could go back and procure a search warrant before proceeding further with the search.

Upon a hearing had, the trial court sustained the motion of the defendant, G. M. Coburn, to suppress the testimony for the reasons herein stated, and held that the search was unlawful.

This court has repeatedly held that from the time an officer entered upon the premises of a party, the search began; and if the entry upon the premises was unlawful, the search and seizure would be without authority of law, and void.

The officers, when they entered upon the premises of the defendant and began the search, do not claim that the defendant gave them permission to search his house or any part of it.

The officers entered willfully and unlawfully upon the premises of the defendant, and began to search the back part of the defendant's house and on the inside of one of the rooms without any authority in the way of a search warrant or permission of the defendant to enter his home.

Ballentine's Law Dictionary, p. 117, defines a search as follows:

"A search implies a quest by an officer of the law. The quest of the officer acts upon the things themselves, it may be secret, intrusive or accomplished by force."

24 Ruling Case Law, p. 717, defines an unlawful search in part as follows:

"An unlawful search is an examination or inspection without authority of law of one's premises or person, with a view to the discovery of stolen, contraband or illicit property, or for some evidence of guilt to be used in the prosecution of a criminal action."

The right of an individual to be exempt from such searches is guaranteed by the Fourth Amendment to the Constitution of the United States, U. S. C. A., and the substance of the amendment is incorporated in the constitutions of the several states.

The record in this case clearly shows that the officers making the search entered upon the curtilage of the home

of the defendant for the purpose of making a search for intoxicating liquor. They did not have a warrant for the defendant's arrest or to search his house or premises. They were trespassers from the moment they left the street and entered upon the curtilage of the defendant's home. They admit they had not seen the defendant commit any offense. The officers admit that they did not know that there was any intoxicating liquor upon the premises of the defendant or in his home. They admit that they entered upon the premises and began the search, and entered the defendant's home without permission and without any search warrant. Bush v. State, 64 Okla. Cr. 161, 77 P. 2d 1184, and authorities therein cited.

The officers claim that later they stopped searching, and one of the officers went back to town and secured a search warrant.

Have we reached a point in law enforcement that a man cannot peaceably be in his home with his family without the officers of the law insulting and outraging him by driving upon his premises, surrounding his house, coming upon the porch, knocking on the door, and when the door is opened, coming into his house, with the search starting from the time they entered upon the defendant's premises? We think not. The home of an individual is his castle; and any one, be he an officer or a private citizen, who enters or trespasses upon the same without lawful authority does so at his peril.

It is difficult to understand that men sworn to enforce the laws of our state will violate the law in an effort to secure evidence against an individual.

In this case the sheriff and two of his deputies willfully violated the law and trespassed on the rights of a citizen of this state, be he guilty or innocent of the crime charged.

This court has so often passed on the question involved in this case that it seems a waste of time to cite authorities.

In Strong et al. v. State, 42 Okla. Cr. 114, 274 P. 890, this court in the first paragraph of the syllabus stated:

"The search of a car without warrant of arrest or search warrant or knowledge by the officer that it contained whisky held illegal, and evidence obtained should be excluded upon timely objection."

Britton v. State, 34 Okla. Cr. 391, 246 P. 666. In Keith v. State, 30 Okla. Cr. 168, 235 P. 631, in the first paragraph of the syllabus this court said:

"Constitutional provisions a g a i n s t unreasonable searches and seizures, and against compelling one to be a witness against himself, secure the individual in his person, his home, and his property from invasion through unbridled and unrestrained executive or administrative will."

In the fifth paragraph of Keith v. State, supra, the court said:

"Where the officer does not know of the act constituting the offense, it is not committed in his 'presence.' "

The trial court did not err in sustaining the motion to suppress the evidence of the state.

The judgment is affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.