## DAVE PERRY v. STATE.

No. A-9811.   May 28, 1941.

(114 P. 2d 185.)

J. Woody Dixon, of Marietta, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.   The defendant, Dave Perry, was charged in the county court of Love county with the offense of unlawful possession of intoxicating liquor; was tried, convicted and sentenced to serve a term of 60 days in the

county jail and to pay a fine of $100, from which judgment and sentence he appeals to this court.

Defendant contends that the evidence offered by the state in the trial of the case was inadmissible because it was based upon an unlawful search and seizure.

The search warrant described the place to be searched as "Block 10-Lot 4 in City of Marietta, Oklahoma, one two story stucco Bldg. Known as the Peery Hotel."

Orren Wester, sheriff of Love county, accompanied by a deputy, served the search warrant on defendant who was on the porch of the above-described house. Wester told him that he had a search warrant for him and that he wanted to search his car first. Defendant said, "That is where it is." The car was parked in an alley by the side of the hotel. In the search of the car, the officers found some whisky which is the basis of the charges herein. They arrested the defendant, but did not search the house. There is no contention that the whisky was visible to the officers, or that anything was done to justify the search without a warrant, it apparently being the idea of the officers that the search warrant for the hotel was sufficient authority to search the automobile.

Defendant argues in his brief that the officers had no warrant to search the car, and that he did not waive his right to be served with a warrant for the search of the car.

According to the testimony of the officers, they had information that the defendant had whisky in his automobile. They never did enter the hotel, and made no attempt in any manner to search it or the defendant's house, which were the premises named and described in the search warrant. It would have been a simple matter for the officers to have procured a search warrant for the automobile. It is hard for this court to understand why, if the officers had

information that whisky was stored in an automobile, they would procure a search warrant for the search of a house.

In Evans v. State, 34 Okla. Cr. 173, 245 P. 912, where the facts show that officers searched, without a warrant, a car which was standing in a public alley in Tulsa, this court stated:

"A private conveyance may not be searched on suspicion without a search warrant. With a proper search warrant, based upon an affidavit setting forth facts showing probable cause for believing that the car contains liquor, a car may be searched, as a building or a rooming house."

In Combest v. State, 51 Okla. Cr. 38, 299 P. 920, 921, it was shown that officers had a search warrant for the search of certain premises and searched an automobile parked on the street in front of the described premises. The court stated:

"It is also argued that the search of the automobile sitting in front of defendant's house was unlawful and evidence obtained thereby inadmissible. With this contention we are also in accord. The officers had no warrant to search the automobile and the search was unlawful. Smith v. State, 48 Okla. Cr. 115, 289 P. 792; Bowen v. State, 50 Okla. Cr. 36, 295 P. 623."

Under the facts in this case and the prior decisions of this court, the motion to suppress the evidence should have been sustained.

The judgment of the county court of Love county is accordingly reversed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.