# DUDE MULLINS v. STATE.

No. A-10229. Jan. 6, 1943.

(133 P. 2d 239.)

Brown & Cund, of Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Walker Field, Asst. Atty. Gen., and Arthur J. Marmaduke, Co. Atty., of Duncan, for defendant in error.

BAREFOOT, P. J. The defendant, Dude Mullins, was charged in the county court of Stephens county with the crime of unlawfully transporting intoxicating liquor; was tried, convicted, and has appealed.

The only assignment of error relied upon for reversal is that the court erred in refusing to sustain the motion of the defendant to suppress the evidence, for the reason that no search warrant was had by the officer who conducted the search of defendant's automobile in which was

found the intoxicating liquor upon which this charge is based.

Evidence was offered upon the motion to suppress prior to the trial of the defendant. At this hearing it was revealed that defendant drove his automobile upon one of the streets of the city of Duncan; that he was being followed by Officer Fines Martin; that Mr. Martin, after following him for some distance stopped at the City Hall in Duncan and that Officer W. L. Dixon got in the car with him and they proceeded to where the defendant Mullins had parked his car. They stopped immediately in front of him and proceeded to search his car, taking from the car the keys and unlocking the turtle back, where they found 289 pints of intoxicating liquor. That subsequent to that time, they had opened the door and searched the front of the car, but found no liquor therein.

Officer Martin testified that the defendant denied that he had any liquor in his car, but that when he took the keys from the front of the car and told the defendant that he was going to look it over, the defendant said, "No, look it over and see."

Officer Dixon testified that he heard no such conversation, and the defendant denied that he made any such statement. The officers had no search warrant, and it is only on the evidence of the witness Martin that the defendant said "Look it over and see," that the court overruled the motion to suppress the evidence, evidently construing this statement to be an invitation to search, and that there was no need of the officers having a search warrant.

The Attorney General has not briefed this case. At the time it was set for oral argument the Assistant Attorney General in charge announced his intention of not

filing a brief and virtually announced that he would confess error.

After an examination of the record, we agree with this conclusion. It is unnecessary to give a lengthy review of the evidence. The Constitutions of this state and of the United States provide for the necessity of securing a search warrant before searching the property of the citizens. We have been liberal in our holdings that where intoxicating liquor is seen by the officer in a public place, the officer has the right to arrest one who commits a misdemeanor in his presence; and when this arrest is not for the purpose of subterfuge, he has the right to search the person, or property of the one arrested in his immediate possession. But we have also held that the officer should procure a search warrant before searching the property of a citizen. Denton v. State, 62 Okla. Cr. 8, 70 P. 2d 135, and cases cited therein.

In the instant case, the officer had followed the defendant. He knew that it was his intention to search the automobile of the defendant. He had time to stop and procure the services of another officer. He would have had time to procure a search warrant. This would have been for his own protection, as well as to protect the right of the citizen, whom, as a public officer, he represents. He did not arrest the defendant for a crime committed in his presence, and the search of defendant's automobile was prior to his arrest.

In the case of Evans v. State, 71 Okla. Cr. 239, 110 P. 2d 621, we said:

"The search of an automobile by officers because of a suspicion that liquor is stored therein is illegal unless the officers procure a search warrant, or an offense is being committed in the presence of the officers that would justify the arrest of the possessor of the automobile."

For the reasons above stated, the judgment and sentence of the county court of Stephens county is reversed, with directions to sustain the motion to suppress the evidence and discharge the defendant.

JONES and DOYLE, JJ., concur.