## BEN BOWDRY v. STATE.

No. A-10542.    March 6, 1946.

(166 P. 2d 1018.)

R. R. Rittenhouse, of Oklahoma City, for plaintiff in error.

Randall S. Cobb, Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Ben Bowdry, was charged in the court of common pleas of Oklahoma county by information, with the crime of unlawful possession of intoxicating liquor. A jury was waived, the defendant was tried to the court, found guilty, and sentenced to serve a term of 30 days in the county jail and pay a fine of $50 and costs, and has appealed.

Before the trial of this case, the defendant filed a motion to suppress the evidence obtained by the officers in a search of defendant's premises. Evidence was introduced at the hearing on this motion. After the motion was overruled, the parties stipulated that the evidence introduced at the hearing on the motion to suppress could be considered as the evidence in the case. In addition, it was stipulated that the search and seizure of the whisky in this case was in Oklahoma county and that the officers found 840 pints of whisky.

It is first contended that no venue was proved. Counsel who filed the brief for defendant in this court did not

appear as counsel for defendant in the trial of the case, and in making this assignment of error evidently has overlooked the stipulation entered into at the time the case was submitted on its merits. It is true that there was no testimony showing venue at the hearing on the motion to suppress, but the stipulation specifically stated that the seizure of the intoxicating liquor was made in Oklahoma county.

It is next contended that the court erred in overruling the motion to suppress evidence on three grounds: First, the search warrant was void because it was not directed to and served by any proper peace officer in Oklahoma county. Second, the search warrant is void because it was a "John Doe warrant," and did not sufficiently and particularly describe the place to be searched. Third, the search warrant did not authorize the search of the automobile trailer where the liquor was found, but was limited to the search of "a one story yellow frame dwelling house and out buildings."

The search warrant is directed to "any sheriff, constable, marshal, or policeman, or state investigator in the county of Oklahoma." The proof showed that two investigators working out of the Department of Public Safety secured a search warrant out of the justice of the peace court of Otis D. James, justice of the peace, in Oklahoma City, and that these two investigators, armed with the search warrant, made a search of the premises occupied by the defendant and described in the search warrant as "a one story frame yellow dwelling house and . out buildings located approximately ½ mile North of N. W. 23rd and Meridian street and being the first house North on East side of Meridian from 2430 N. Meridian, Adj. to Oklahoma City, in Oklahoma County, Oklahoma."

C. C. Crabb, one of the investigators, testified that he did not know the occupant of the premises and that the name "John Doe" was inserted in the search warrant for that reason. The intoxicating liquor seized by the officers was found in an automobile trailer by the side of an old garage or chicken house on said premises.

In Mitchell v. State, 74 Okla. Cr. 416, 127 P. 2d 211, this court had occasion to discuss the validity of search warrants served by investigators out of the Department of Public Safety. In that case, it is stated:

"A search warrant is process within the meaning of Const. article 7, § 19, and Title 12, § 51, O. S. 1941, and must run in the name of the State of Oklahoma, and under the provisions of Title 37, § 84, the warrant must be directed to a peace officer in the county in which it is issued for service."

"Under 74, O. S. 1941 § 149, the officers and members of the State Highway Patrol and such other officers and investigators as the Commissioner of Public Safety shall designate shall have the authority of other peace officers, including the right and power of search and seizure, but excluding the service of civil process."

"In order for an investigator appointed by the Commissioner of Public Safety to make a lawful search under the above statute, there must be a specific designation in the search warrant directing him to serve the same or if the warrant is specifically directed to a named officer in a certain county, he may assist such officer if the officer is present and requires his aid."

Since the search warrant specifically designated a State Investigator as one of the officers who might serve it, it is our opinion that this contention of defendant can not be sustained.

In Vincent v. State, 75 Okla. Cr. 116, 129 P. 2d 196, this court held that it was not reversible error when the

name "John Doe" is inserted in the search warrant if the name of the party residing on the premises to be searched is unknown.

This would be especially true where the warrant is for the search of premises and not that of a person and the premises are sufficiently described in the warrant by other allegations than the name of the owner. Quick v. State, 75 Okla. Cr. 176, 129 P. 2d 604.

The defendant further contends that since the search warrant was for the search of "a one story frame yellow dwelling house and out buildings located * * * ," that it did not authorize the search of the trailer in which the whisky was found. The proof showed that the whisky was found in an old trailer sitting behind the garage about 30 feet from the defendant's house. The garage had been converted into a chicken house and there were chickens living in it.

The case of Perry v. State, 72 Okla. Cr. 149, 114 P. 2d 185, is cited by defendant to sustain this proposition. However, in the Perry Case, the automobile searched by the officers was not on the premises described in the search warrant. Here, the trailer in which the whisky was cached was within the curtilage of the dwelling house and we think properly an object that could have been searched under the warrant. If the trailer had been sitting in the garage or in the house, it could have been searched the same as a trunk, a box, or any other object which might have been within the enclosure of the house or any of the outbuildings. The fact that the trailer had been rolled out of the garage so that the garage could be converted into a chicken house does not make a search of it invalid where it remains within the curtilage.

If there would be any reason at all for a reversal of this conviction, it would be solely because the punishment pronounced by the trial court was far too lenient, in considering that the defendant was an old offender and was caught with an enormous quantity of whisky.

The minimum punishment which was assessed in this case could certainly not be said to be discouraging to those who might wish to engage in the liquor traffic. We are quite sure that counsel for defendant would not want this court to reverse the case and send it back for another trial for fear that his client would get all of the punishment which he deserves.

The judgment of the court of common pleas of Oklahoma county is affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.