## HOGAN v. STATE.

No. A-11344.   Oct. 3, 1951.

(236 P. 2d 276.)

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, P. J.   The plaintiff in error Perry Hogan, defendant below, was charged by information in Tillman county, Oklahoma, with the offense of unlawful possession of intoxicating liquor in said county on June 30, 1949. A jury was waived and the defendant was tried on said charge by the trial court, found guilty, his punishment fixed at 30 days in jail and $50 fine, and judgment and sentence entered accordingly.

In this appeal the defendant raises but one issue. He contends the trial court erred in failing to sustain his motion to suppress the evidence on the ground the evidence was obtained as a result of an unlawful search and seizure of his automobile containing the said intoxicating liquor. The facts in support of the motion to suppress are that the officers had a tip the defendant would enter Tillman county across the river from Texas with a load of whiskey. The defendant was observed at the north approach of the Texas-Oklahoma bridge sitting in his automobile in front of Brandenburg's Bar drinking a coca cola. The officers Sheriff E. E. Taylor and Deputy Sheriff R. L. Morey pulled alongside of the defendant's automobile. Both the officers testified

that Deputy Sheriff Morey after introducing himself said, "I would like permission to search your car", to which request the defendant said; "All right, go ahead" or "that is all right, go right ahead". Permission thus being had Deputy Sheriff Morey proceeded to search the glove compartment of the defendant's automobile and found a bottle of coca cola mixed with whiskey. The deputy sheriff thereupon asked for the keys to the back of the car which were readily delivered and a search of the back of the automobile disclosed 3 cases of tax paid whiskey. The defendant was then arrested and taken to the county court house where he made a statement in writing containing among other things the following, "Sheriff Taylor and Deputy Sheriff Morey asked for permission to search my car and I gave it to them freely". The defendant testified that the officers said, "We had a tip on your car and we want to look it over", to which the defendant said he replied, "There is nothing I can do about it". The foregoing constitutes the evidence upon which the trial court based its refusal to sustain the motion to suppress.

In Edwards v. State, 83 Okla. Cr. 340, 177 P. 2d 143, we said:

"It is fundamental that a waiver must be proved by the party alleging it, 63 C. J. 309. This proof must be clear and convincing, that the waiver was a free and voluntary act, as was said by Judge Barefoot in Pritchett v. State, 78 Okla. Cr. 67, 143 P. 2d 622, 623, and by Judge Jones in Dawson v. State, 83 Okla. Cr. 263, 175 P. 2d 368."

See in this connection also Dawson v. State, 83 Okla. Cr. 263, 175 P. 2d 368, wherein after sustaining the foregoing rule relative to the degree of proof, it was further said in syllabus 1:

"Trial court's ruling on motion to suppress evidence will be sustained where there is conflicting testimony as to the facts and there is competent evidence in the record to sustain court's finding."

The evidence herein on the motion to suppress meets the foregoing requirement as to proof in making out a case of waiver of the right of the defendant herein to demand a search warrant. Herein it clearly appears the officers asked for permission to search the defendant's car which he freely granted. Furthermore it clearly appears the defendant confirmed this request for permission and the grant thereof in his written signed statement. Herein there was no unqualified statement of armed officers evidencing a disposition to search without permission so to do, such as would place the defendant in the position of resisting the search. The test of a claimed waiver in cases such as the one at bar is, was permission to search asked and granted freely and voluntarily, or to the contrary was the approach and search effected in the nature of an arbitrary display and exercise of authority by the officer or officers. Dawson v. State, supra. Here the former clearly appears. Even the defendant's version is not so strong as to bring the case within the rule against the waiver of his right to demand a search warrant for even the expression used as testified to by him is in the nature of a request for permission to make the search. Herein the evidence is clearly sufficient to support the trial court's finding that the defendant waived his right to require a search warrant before the search of his automobile was made, hence the trial court did not err in refusing to sustain defendant's motion to suppress. The judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.