Bruce CASE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–303.

Court of Criminal Appeals of Oklahoma.

Feb. 13, 1974.

Stephen Jones, Mary E. Bane, Enid, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Stan Chatman, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Bruce Case, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Alfalfa County, Case No. CRF–72–11, for the offense of Arson in the Second Degree in violation of 21 O.S.1971, § 1402. His punishment was fixed at a fine of twelve thousand dollars ($12,000) in accordance with the verdict of the jury and a timely appeal has been perfected to this Court.

The defendant was the manager of an automatic laundry located in a building in Cherokee, Oklahoma. Fire broke out in that laundry at approximately 4:00 a. m. on June 28, 1972. The subsequent investigation discovered installed within the laundry an elaborate apparatus reminiscent of a Rube Goldberg contraption. At the stroke of 4:00 a timing device closed the

contact between the wires of a 12 volt battery, setting off a chain reaction culminating in a fire. A network of cardboard tubing had been connected by a garden hose to a source of escaping natural gas. According to expert testimony, had the apparatus worked as it was apparently designed to work, the explosion touched off by the flame would have demolished the building that housed the laundry and two other businesses.

The apparatus could have been installed only between the time the laundry closed on the night of the fire and 4:00 a. m., when the timing device activated the apparatus. Cases was arrested on the afternoon following the fire. He was charged with Arson and incarcerated. Several hours later he was interviewed by the Sheriff in the presence of the District Attorney. Following that interview, the Sheriff returned to the Case residence and called a towing company to tow in the defendant's pickup truck which had been parked in front of his house. A subsequent search of the pickup disclosed a box of coins, such as the type used in the machines in the laundry, and certain tools, among them a soldering iron. At the direction of the Sheriff, two tires were removed from the pickup truck and the cast was taken of them. A witness had observed a pickup truck like the defendant's parked near the laundry at approximately 1:30 on the morning of the fire. The testimony at trial was that the plaster casts taken from the tires of defendant's pickup truck matched the tracks left by the pickup truck observed by the prosecution witness.

The defendant brings four assignments of error. We have considered each of them, but since only the first has merit and since the case may be disposed of upon that assignment, we will not discuss the others.

The defendant's claim is that the warrantless search of his pickup truck was unreasonable and that the trial court erred in overruling his motion to suppress the fruits of that search. In response, the Attorney General's brief asserts that the search was justified because the defendant waived his right to be free from unreasonable searches by consenting to the search of the truck, and that the trial court correctly overruled the motion to suppress because the defendant failed to prove the lack of a valid consent.

■ The most fundamental of all principles in this area of law is that the warrantless search is "per se unreasonable under the Fourth Amendment." Coolidge v. New Hampshire, 403 U.S. 443, 454, 455, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564, 576 (1971); Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576, 585 (1967); Trupiano v. United States, 334 U. S. 699, 705, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948); Norton v. State, Okl.Cr., 501 P.2d 877 (1972). Therefore, once a defendant establishes that evidence was seized as the result of a search without a warrant, the burden shifts to the State to show that the search is reasonable because it falls within the "few specifically established and well delineated exceptions" to the Fourth Amendment requirement that a search have the prior approval of a judge or magistrate. Coolidge v. New Hampshire, supra; Katz v. United States, supra; Norton v. State, supra; Sam v. State, Okl.Cr., 500 P.2d 291, 295 (1972); Edwards v. State, 83 Okl.Cr. 340, 177 P.2d 143, 147 (1947). It is clear that "the burden is on those seeking the exemption to show the need for it" United States v. Jeffers, 342 U.S. 48, 51, 72 S.Ct. 93, 96 L.Ed. 59, 64 (1951) and "it is fundamental that a waiver must be proved by the party alleging it" Edwards v. State, 83 Okl.Cr. 340, 177 P.2d 143, 146 (1947).

■ Where, as in this case, the exception to the requirement of a warrant claimed is that the defendant consented to the search, the proof offered by the State must be "clear and convincing that the waiver was a free and voluntary act," Hogan v. State, 94 Okl.Cr. 375, 236 P.2d 276, 277 (1951); Edwards v. State, 83 Okl.Cr., 340, 177 P.2d at 146.

Further, in Schorr v. State, Okl.Cr., 499 P.2d 450 (1972), Judge Simms, stating the opinion of a unanimous court, wrote:

"We further believe a distinction must be made between custodial consent to search and consent given to search before the accused is placed under arrest. We must legally conclude that a consent to search, given during custodial interrogation must, as a matter of law, be preceded by a proper Miranda warning."

█ The question for decision here is whether the evidence presented at the motion to suppress below is sufficient to meet the standard of proof as required by the decisions cited above.

The testimony surrounding the defendant's consent to search is better described as obscure than "clear and convincing." The Sheriff was asked by the defense counsel to recount the conversation which immediately preceded the giving of permission to search. The Sheriff responded that he didn't remember that conversation. (Tr. 10) The defendant himself took the stand to deny that he had given anyone permission to search his truck. On cross-examination by the District Attorney, he (the defendant) was not asked whether he had been previously informed of his Fourth Amendment right or given the Miranda warnings. In rebuttal, the District Attorney took the stand to testify that he was present at the time the consent to search was given and testified as follows:

"He told Mr. Coppock [the Sheriff] in substance that, in other words, the truck was to be protected, I think the sheriff asked him, inquired about whether or not his truck was okay, I am not real certain which one brought that up first, but anyhow, the protection of the pickup was discussed and then it was discussed about the tires, as to whether or not they could be removed for the purpose of checking tire marks and it was also mentioned about, in other words, as I recall the defendant told the Sheriff, I don't have anything to hide, just take whatever you need or check whatever you want or however he said it, don't remember exactly, but in substance he gave permission to the sheriff to look the items over, check the items relative to the pickup on that particular day." (Tr. 27–28)

It is clear that the defendant was in custody and under interrogation at the time the Sheriff sought permission to search the truck. There is no evidence in the record that he was informed of his Miranda rights as required by Schorr v. State, supra. In Edwards v. State, supra, this Court held that where nothing in the record disclosed what the law enforcement official had said to the defendant prior to his statement in regard to his automobile, "Look it over, you won't find anything," there was no proof that defendant's words constituted a voluntary waiver and that therefore the State had failed to meet its burden of proof on the question of consent to search.

Upon the authority of those cases, we are compelled to conclude that the search of the pickup truck and the seizure of the items from it was unlawful. Material evidence obtained in the course of that search was admitted at the trial of this case.

For that reason, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, reversed and remanded for a new trial.

BLISS, P. J., concurs.

BUSSEY, J., concurs in results.