Walter COON, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–186.

Court of Criminal Appeals of Oklahoma.

Dec. 7, 1978.

George W. Butner, Wewoka, for appellant.

Larry Derryberry, Atty. Gen., Mary Kathleen Rhodes, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Walter Coon, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Seminole County, Case No. CRF–77–42, for the offense of Injury of a Minor Child, in violation of 21 O.S.1971, § 843. His punishment was fixed at ten (10) years' imprisonment. From said judgment and sentence an appeal has been perfected to this Court.

At the trial Peggy Sue Birdshead testified that in March, 1977, she and her three children were living with the defendant in Wolf, Oklahoma; and that from March 25, 1977, to March 30, 1977, she was incarcerated in the Seminole County jail on a petty larceny charge. She returned home on March 30, 1977, finding her two and one-half-year-old daughter to be apparently in shock. She was black and blue about the head and body and had a burn across her stomach. The defendant told her to let the child sleep and that she would be all right. She instead took the child to the Seminole Hospital. The child was examined and transferred to Children's Hospital in Oklahoma City, Oklahoma.

Deputy Sheriff Cletus Colbert testified that on March 30, 1977, he responded to a call to the Seminole Municipal · Hospital. He observed a small girl lying on a table unconscious with bruises and burns on her body. He, defendant, and Undersheriff Gene Coats went to the defendant's residence where the defendant executed a consent to search. He identified a green plastic hose and a belt which were pointed out to the officers by the defendant.

Dr. George H. Davis testified that he examined Frances Twohatchet in the emergency room of Seminole Hospital. She was unconscious and had multiple bruises and a burn on her abdomen. There was tearing, discoloration and swelling of the genital area. The bruises appeared to be recent, probably occurring within forty-eight hours. He diagnosed her condition as critical and transferred her to Children's Memorial Hospital in Oklahoma City, Oklahoma.

Deputy Sheriff Charles Sisco testified that on March 30, 1977, he received orders to secure defendant's house in Wolf, Oklahoma. They remained there until defendant arrived with Deputy Colbert and Undersheriff Coats. He read a statement of rights form and a consent to search form to the defendant. Defendant executed the forms and they proceeded into the house finding the garden hose and belt.

Peggy Birdshead was recalled and testified that the defendant told her that he had hit her daughter. The child was blind after being released from the hospital but was gradually recovering her vision.

For the defense, Mary Sue Coon, defendant's wife, testified that she lived with him on and off for the last eleven years. Four children were born of the marriage. Defendant spanked the children from time to time but never mistreated them.

Defendant asserts in the first assignment of error that the trial court erred in admitting into evidence the rubber hose and leather belt in that he did not knowingly and voluntarily execute the consent to search. We agree with the defendant's assertion that the burden of proof is on the State to prove by clear and convincing evidence that the consent to search was free and voluntarily given. See *Case v. State*, Okl.Cr., 519 P.2d 523 (1974). We thus must

 

decide whether the evidence presented at the evidentiary hearing was sufficient to meet that burden of proof.

Defendant testified that he gave consent to search his house only after Undersheriff Coats told him they would get a search warrant. He further testified that he did not sign the consent waiver until after the search was conducted.

In connection with the motion to suppress hearing, the trial court took into consideration testimony offered at previous hearings. Deputy Colbert testified at the preliminary hearing that defendant was advised of his *Miranda* rights and specifically that he had a right to deny the officers the right to search. They entered the house only after defendant consented to the search. Undersheriff Gene Coats testified that the defendant was advised of his *Miranda* rights at the hospital, and that the defendant was again advised of his rights when they arrived at the house.

█ Although the evidence was conflicting, there was competent evidence to support the trial court's finding that the defendant knowingly and voluntarily consented to the search. We have previously held that under such circumstances considerable weight must be given to the trial court's finding and that this Court will not reverse where the ruling is based upon competent evidence reasonably tending to support the finding. See *Sutton v. State*, Okl. Cr., 558 P.2d 1193 (1977), *Mahan v. State*, Okl.Cr., 508 P.2d 703 (1973), *Ruhm v. State*, Okl.Cr., 496 P.2d 809 (1972) and *Luna v. State*, Okl.Cr., 481 P.2d 814 (1970). We therefore find this assignment of error to be without merit.

█ Defendant contends in his final assignment of error that the punishment is excessive. Considering that the punishment was fixed by the trial court who had the benefit of a presentence report, the nature of the offense and overwhelming evidence of the defendant's guilt we can find no justifiable basis to support a modification of the judgment and sentence.

The judgment and sentence is accordingly *AFFIRMED*.

CORNISH and BRETT, JJ., concur.