A. E. RIDDLE v. STATE.

No. A-9910.   Jan. 28, 1942.

(121 P. 2d 1014.)

420

Dwight Malcolm, of Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, A. E. Riddle, was charged by information in the county court of Comanche county, Okla., on February 10, 1940, with the offense of unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to serve a term of 30 days in the county jail and to pay a fine of $100, and appeals to this court.

The only contention made by counsel for defendant on appeal to this court is that the search and seizure were illegal.

A hearing upon defendant's motion to suppress the evidence was had in the county court and overruled.

The testimony introduced upon the hearing was, in substance, that R. A. West and Buck Seran, investigators for the Department of Public Safety, on February 2, 1940, saw two taxicabs parked at the home of defendant and an intoxicated man being assisted from the house to one of the cabs. They placed the drunk man under arrest and entered the premises after ascertaining that he did not live at that address, but had been there.

Officer West could see through the window that a number of persons in the house were drinking something out of glasses. He entered the kitchen and went into the

dining room, where defendant, his son and two daughters, and four men were around the table. There were home-brew and a half pint of whisky on the table. Upon a search of the premises, the officers found both whisky and home-brew, and a retail liquor dealer's stamp, issued to defendant.

Officers had no warrant for arrest of defendant or for search of his premises.

It is contended by the state that where an intoxicated person is arrested upon the premises of the defendant, the premises, although they include the private residence of defendant, occupied as such, may be searched, without a warrant, as an incident to the arrest of the third person.

In Wallace v. State, 42 Okla. Cr. 143, 275 P. 354, 355, this court held:

"The right of search in case of arrest is of the person and immediate surroundings of the arrested person. It does not carry with it the right to search buildings and places other than the immediate surroundings of the person arrested."

In that case it was further stated that the search incidental to arrest does not extend to the search of a dwelling where the arrest is not made therein, and the commission of the crime for which the arrest is made is not connected therewith.

This court said in Bullington v. State, 38 Okla. Cr. 214, 259 P. 876:

"Where any person is lawfully arrested by an officer without a warrant, for an offense committed or attempted in his presence, the officer may take from the person and immediate presence of the arrested person the tools, implements, papers, and instrumentalities which

have been or manifestly may be used to commit the crime for which such person is arrested * * *."

The fact that people in an intoxicated condition have been observed issuing from a private residence is probable cause for the issuance of a search warrant for such residence; however, we do not think that the sphere of search incident to the arrest of a drunk person in a taxicab includes the private residence of another, even though the drunk man had been seen upon the premises.

The trial court erred in refusing to sustain motion of defendant to suppress the evidence.

The case is reversed and remanded to the trial court, with instructions to dismiss.

BAREFOOT, P. J., and DOYLE, J., concur.