## LEWIS CRIM v. STATE.
No A.-10251.    Jan. 26, 1944.
(145 P. 2d 444.)

154

Tom Wallace, of Sapulpa, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Lewis Crim, was charged by information filed in the superior court of Creek county with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail, pay a fine of $50, and has appealed.

The sole question necessary to consider in the disposition of this appeal is whether the court erred in overruling the motion of defendant to suppress the evidence of the state on the ground that the search of defendant's automobile was without a search warrant and was an unlawful and unconstitutional invasion of the rights of defendant.

There is little dispute as to the facts. Three officers of Creek county went to a tavern west of the city of Bristow looking for one Wilson Clinton. When they arrived at the tavern some one informed them that there was a man in front of the place of business trying to vomit. This person to whom their attention was directed was the defendant. He was standing near the back end of a pick-up vomiting and when they approached they noticed that he was in an intoxicated condition. They arrested him and transported him to the city jail at Bristow.

Some one at the tavern informed them that the defendant had come to the tavern in a Pontiac car which was parked several cars away from the pick-up where the defendant appeared to be sick. When the officers arrested the defendant he had something in his hand which the officers thought were keys to the car, which the defendant threw into the weeds. Before taking the defendant to town the officers went to the Pontiac automobile and attempted to open the doors but they were locked. After they had incarcerated the defendant in the city jail, the officers procured the services of a locksmith who made a key that enabled the officers to open the doors of the Pontiac. A search of the Pontiac disclosed the liquor in question, which is the basis of the prosecution herein. It is admitted that the officers had no search warrant for the search of the automobile.

It is urged by the state that the facts in this case come within the rule of law that when a person is legally arrested for the commission of a crime, the officers have a right to search him and his immediate surroundings for tools, implements and instrumentalities which may be used to commit the crime for which such person is arrested.

The general rule of law cited by counsel for the state, hereinabove set forth is correct. Bullington v. State, 38 Okla. Cr. 214, 259 P. 876; Wallace v. State, 42 Okla. Cr. 143, 275 P. 354.

However, we do not believe the factual situation here presented is such as to bring the search herein within this rule of law. The constitutional provision protecting a person, his house, papers and effects against unreasonable searches and seizures is strictly construed and unless it is clearly shown that the officers making the search complied with the legal prerequisites necessary to constitute a law-

ful search, the evidence seized by such unreasonable search will be suppressed upon timely objection by the accused.

It has been held in many cases that the search of an automobile without a search warrant, and not as an incident of a legal arrest, or without personal knowledge by the officer that it contained intoxicating liquor, but upon mere suspicion is in violation of art. 2, sec. 30, of the State Constitution, and the evidence obtained by such a search is inadmissible. Hamner v. State, 44 Okla. Cr. 209, 280 P. 475; Thomas v. State, 32 Okla. Cr. 57, 240 P. 133; Bowen v. State, 50 Okla. Cr. 36, 295 P. 623; Lamb v. State, 59 Okla. Cr. 360, 60 P. 2d 219; Hoppes v. State, 70 Okla. Cr. 179, 105 P. 2d 433, 434.

The general rule of law applicable in these cases is stated in Hoppes v. State, supra:

"Whether a search of or seizure from an automobile, parked on a public street, without a warrant, is or is not unreasonable within the meaning of the constitutional provision, forbidding unreasonable searches and seizures, is a judicial question to be determined in each case in view of all the facts and circumstances under which the search or seizure is made."

In the instant case the officers did not even know the automobile belonged to the accused. The defendant, at the time of his arrest, told them his name was Johnson and that he came to the tavern in a taxi. The defendant did not admit the ownership of the car until after the officers had unlocked it and found a suitcase in the back end with defendant's name inscribed on it. The search of the automobile by the officers was solely upon suspicion. They did not know defendant and had no personal knowledge that the automobile which they searched was the defendant's. Their sole ground for the search was the hearsay statement of a bystander that "The old man came out here in that Pontiac."

In the case of Riddle v. State, 73 Okla. Cr. 419, 121 P. 2d 1014, 1015, it is stated:

"The right of search in case of arrest is of the person and immediate surroundings of the arrested person. It does not carry with it the right to search buildings and places other than the immediate surroundings of person arrested."

Since the defendant was not in the automobile at the time of his arrest, nor even close to it, we do not feel that the rule of law giving the officers a right to search the immediate surroundings of a person arrested for the commission of a crime for instrumentalities which might have been used in the commission of the crime for which the accused is arrested could be extended under the facts in this case to justify the search of defendant's automobile, which was parked several cars away from the place where the defendant was standing at the time of his arrest.

For the reasons hereinabove stated, it is our conclusion that the trial court erred in overruling the motion to suppress evidence presented by the defendant.

The judgment of the superior court of Creek county is accordingly reversed and defendant discharged.

BAREFOOT, J., concurs. DOYLE, J., not participating.