## BOONE v. UNITED STATES.
### No. 9503.

United States Court of Appeals
District of Columbia.

Argued Oct. 6, 1947.

Decided Nov. 3, 1947.

———————

Mr. Joseph J. Lyman, of Washington, D. C., for appellant.

Mr. Sidney S. Sachs, Asst. U. S. Atty., of Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty., and John C. Conliff, Jr., Asst. U. S. Atty., both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and CLARK and WILBUR K. MILLER, Associate Justices.

GRONER, C. J.

Appellant was indicted and convicted of robbery. His appeal here involves the single question of the admissibilty of a confession allegedly made by him after his arrest.

The record below shows that at about 6 o'clock on Saturday morning, September 28, 1946, a colored man with a revolver in his hand confronted the night clerk of the Whitelaw Hotel in Washington and demanded the key to the cash drawer from which he took the sum of $102 in money. The hotel clerk immediately reported the robbery to the police and appellant was arrested about 9 o'clock. He was taken at once to No. 13 Precinct, where he was booked. Two other persons were arrested at the same time on the assumption of complicity in the robbery. They too were taken to No. 13 Precinct. Appellant was removed from No. 13 to No. 2 Precinct at about 10 o'clock A.M., as it is said, in order that the three prisoners might be separated so that they could not talk back and forth in the cell block. About 11 o'clock appellant was placed in a line-up at No. 2 Precinct, and was then identified by the night clerk as the person who had that morning robbed the cash drawer of the hotel. Thereafter, according to the Government evidence, the police officer who had made the arrest talked to appellant for about 15 or 20 minutes and again about 5 o'clock in the afternoon for 20 or 25 minutes and somewhere between 9 and 11 o'clock the same evening appellant sent for the arresting officer and confessed and on the following day (Sunday), about one P.M., again sent for the same officer and voluntarily surrendered between $80 and $90 in cash, the proceeds of the robbery, which at the time of his arrest he had concealed in his shoe. Appellant was not arraigned until the morning of Tuesday, October 1st. As a witness in his own behalf appellant denied he had ever at any time confessed to the robbery. His account of what occurred at the different police stations is that when he and the other two arrested persons were brought to No. 13 Precinct the sergeant in charge of the station ordered him booked for investigation, that he asked for a lawyer, but that nothing was done in this respect; that after his identification by the hotel clerk he was brought back to his cell; that he did not again see the arresting officer until Sunday, when he was moved to a new precinct and that up to that time he had been asked no questions at all, but that Sunday night, around 1 o'clock, and after he had gone to sleep, he was awakened and taken to a large room and turned over to five detectives; that these men took him to the basement and asked him if he had committed the robbery and he replied he knew nothing about it, whereupon they beat him "off and on for two hours;" that in spite of the beatings he made no incriminating admissions to anybody, nor at any time told anybody that he was guilty of the robbery.

On the conflicting evidence the case went to the jury and they were told by the trial judge that if they believed appellant had admitted his guilt to the arresting officer on the day of his arrest and that his action in this respect was voluntary, and that neither force nor threats nor compulsion were exercised on him, they should give the confession such weight as it was entitled to. The trial judge further instructed the jury that if, on the contrary, they believed appellant had been beaten or threatened on the night succeeding his arrest, as he testified, and that in consequence of this he thereafter made an admission of guilt, they should disregard it entirely. No point is made on this appeal that the charge was not entirely fair. But, as we have seen, counsel challenge the admissibility of the evidence of confession solely on the ground that appellant having been arrested Saturday morning at 9 o'clock was entitled, after his identification by the victim of the robbery, to be brought before a magistrate or a commissioner for commitment, and that the failure of the police to have him arraigned some time that day or the following Sunday or Monday rendered inadmissible any confession made by him at any time—in short, that the illegal detention rendered the voluntary confession inadmissible. In this respect counsel relies upon the McNabb case in the Supreme Court[1] and this court's decision in the Akowskey case.[2]

We are of opinion that neither case sustains his position,—though it is fair to say that counsel's interpretation of the McNabb case accords with the view taken by us of that case in our later decision in the Mitchell case.[3] But on appeal to the Supreme Court our view was rejected and the Supreme Court itself interpreted its language in the McNabb case wholly contrary to the position now taken by counsel for appellant in this case. In the Mitchell case the Supreme Court said,[4] as it had said in the McNabb case, that inexcusable detention for the purpose of extracting evidence from the accused is both wrong and unlawful, but pointed out that while this is true, deten-

tion, standing alone, does not affect the admissibility of the confession except in a case in which it appears that the disclosure is induced by it. In short, that unlawful detention, without more, does not require rejection of a confession otherwise admissible. And that is this case.

The difference between the facts here and those in the Akowskey case, supra, is that while here the confession, if it was made at all, was made without any sort of compulsion, in the Akowskey case it was clearly shown that it was obtained as the result of continuous, unremitting questioning by a series of groups of officers for six or seven hours, and it was this unlawful act rather than the unlawful detention that rendered the confession of no effect.

Affirmed.

---

[1] McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819.

[2] Akowskey v. United States, 5 Cir., 158 F.2d 649.

[3] Mitchell v. United States, 78 U.S. App.D.C. 171, 138 F.2d 426.

[4] 322 U.S. 65–70, 64 S.Ct. 896, 88 L. Ed. 1140.