## UPSHAW v. UNITED STATES.
### No. 9621.

United States Court of Appeals
District of Columbia.

Submitted Nov. 26, 1947.

Decided April 19, 1948.

Writ of Certiorari Granted June 14, 1948.

See 68 S.Ct. 1505.

Mr. Joel D. Blackwell, of Washington, D. C., for appellant.

Messrs. George Morris Fay, U. S. Atty., and John C. Conliff, Sidney S. Sachs, and John D. Lane, Asst. U. S. Attys., all of Washington, D. C., for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

The appellant, Andrew Upshaw, was arrested at 2:00 a. m. on Friday, June 6, 1947, and shortly after 9:00 o'clock the next morning confessed to the theft for which he had been taken into custody. He was not taken before a committing magistrate until Monday, June 9. He appeals from the judgment of conviction entered against him pursuant to the verdict of a jury in the District Court of the United States for the District of Columbia on a single ground which he states in his brief as being "that the defendant had been detained an unreasonable time after the arrest before the alleged confession was made."

The United States Attorney filed in this court a written confession of error and motion to remand for the reason that he believed the appellant's confession was inadmissible. In such circumstances it is the duty of the appellate court to examine the record and determine for itself whether there was prejudicial error.[1]

A confession voluntarily given is admissible in evidence. We do not read the McNabb and Mitchell cases, and the recent Haley case,[2] as holding otherwise. Conversely, of course, a confession involuntarily made is inadmissible.

It has long been held that a confession extorted by physical violence is involuntary and must not be received in evidence. When there is evidence both affirm-

[1] Parlton v. United States, 64 App.D.C. 169, 75 F.2d 772.
[2] McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; United States v. Mitchell, 322 U.S. 65, 64 S. Ct. 896, 88 L.Ed. 1140; Haley v Ohio, 332 U.S. 596, 68 S.Ct. 302.

ing and denying that force was used, the issue of fact so formed must be resolved by the jury. The McNabb case extends that established doctrine by pointing out the indisputable fact that coercion without physical brutality may extort a confession;[3] and that an admission so induced is involuntary. Specifically, it was there held that illegal detention, aggravated by undenied continuous questioning for five or six hours by half a dozen officers, amounted to such invalidating coercion as a matter of law.

The Haley case is to the same effect. Its facts were almost identical with the McNabb facts, except that Haley was a fifteen year old boy, presumably even more susceptible to the psychological pressure of continuous questioning for five hours by relays of policemen than were the more mature McNabbs.

It is important to note it was undisputed in the McNabb and Haley cases that long-continued questioning during illegal detention actually occurred. Had there been conflicting evidence on that score, it is safe to suppose the verdict of a properly instructed jury with respect to that issue of fact would have been regarded as controlling, just as it is with regard to controverted evidence of brutality. Indeed, in Haley's case physical brutality was alleged and denied, and so the court put that controverted evidence to one side and considered only whether the undisputed facts as to psychological pressure made the confession invalid as a matter of law.

But here the evidence shows without contrariety that Upshaw was arrested at 2:00 a. m. on Friday, June 6, and confessed about 9:00 a. m. on Saturday, June 7, without having been taken before a committing authority. Detaining him for slightly more than twenty-four hours may have been unnecessary delay under Rule 5(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687. But that illegal detention, if such it was, was not aggravated by continuous questioning for

many hours by numerous officers, as was true in the McNabb and Haley cases and in the Akowskey case.[4] On the contrary, the questioning of Upshaw was, as the United States attorney put it, neither extensive nor coercive. He was questioned several times during his day of detention, but never by more than one officer and never more than thirty minutes at a time; all of which is uncontroverted. We are unwilling to say that, as a matter of law, such questioning during short detention brings Upshaw within the pattern of the McNabb case.

Had this appellant claimed and argued that the questioning was so intensive as to force his confession from him, perhaps the jury should have been told to say whether so or not; but he made no such claim at the trial and does not assert it before us.

Upshaw contents himself with saying he was illegally detained from 2:00 a. m. on Friday until his arraignment on the following Monday; and with arguing that his confession, given during that period of detention, was therefore inadmissible. As we have pointed out, he does not rely on the brief questioning as an aggravating circumstance. Upshaw's argument overlooks two important factors: first, that he confessed shortly after 9:00 a. m. on Saturday, so the subsequent portion of his detention, even if illegal, did not affect the admissibility of his confession, as it did not in the Mitchell case; and, second, that illegal detention, standing alone and without more, does not invalidate a confession, unless the detention produced the disclosure. That was expressly held by Chief Justice Groner in the opinion prepared by him for this court in Boone v. United States, 82 U.S.App.D.C. 359, 164 F.2d 102, in which the Mitchell case was relied upon as justifying the ruling.

It is strongly urged that the police are culpable for not taking Upshaw before a committing magistrate on Friday; but, however blameworthy they may have been on that score, we discern no reason for dis-

---

[3] This was also an enlargement of the holding in Ziang Sung Wan v. United States, 266 U.S. 1, 45 S.Ct. 1, 69 L.Ed. 131, where there was unremitting questioning for many days of a prisoner who was often not permi....d to sleep and who was suffering from a serious illness. Thus there was in that case physical, as well as psychological, pressure.

[4] Akowskey v. United States, 81 U.S. App.D.C. 353, 158 F.2d 649.

turbing the appellant's conviction because of it. We do not condone official misconduct; on the contrary, we share the indignation expressed at unnecessary delay in arraigning prisoners. Police executives should discipline officers who are guilty of that practice.

But the argument that Upshaw's confession was on that account inadmissible disregards the decisive fact that here, as in United States v. Mitchell [322 U.S. 65, 64 S.Ct. 896], there was no disclosure induced by illegal detention. Upshaw does not contend that his confession was so induced. If it be granted that detaining him all day Friday was illegal, nevertheless the disclosure he made, not being the fruit of the illegal detention, was relevant and admissible. Being relevant, it could be excluded, as the Supreme Court said of Mitchell's confession, "only as a punitive measure against unrelated wrongdoing by the police." We cannot exclude an admissible confession, and so discharge a confessed criminal, "as an indirect mode of disciplining misconduct." To do so would be to punish society, not the police. This we understand to be the position taken by the Supreme Court in the Mitchell case.

The actual holding of the McNabb decision, as we understand it, does not apply to a factual situation such as that before us. In the Mitchell opinion it is pointed out that "inexcusable detention for the purpose of illegally extracting evidence" from an accused, and the successful accomplishment of that purpose by continuous questioning for many hours under psychological pressure,[5] were the decisive features in the McNabb case which led the court to rule that a conviction on such evidence could not stand. In the present case no aggravating circumstance appears and, as we have shown, the detention is not alleged to have brought about the confession. The Supreme Court has never held, as far as we are able to ascertain, that illegal detention

of a prisoner, without additional and aggravating circumstances, invalidates a confession which was not induced by it. In fact, the Mitchell opinion indicates to the contrary and we expressly so held in the Boone case.

In our view the confession of error by the United States Attorney was based on an erroneous conception of the legal principle involved. He says he believes Upshaw's confession "was entirely voluntary and was true." Yet he says the delay in arraignment was unreasonable and the confession was thereby invalidated. He cites the McNabb and Mitchell cases, neither of which supports his position, and the Boone case which is squarely opposed to it.

If we should now hold that illegal detention of a prisoner invalidates his confession, although wholly unrelated to it, we would thereby overrule our holding in Boone v. United States and, merely in order to rebuke the police for illegal conduct unconnected with the confession, we would release an habitual criminal, confessedly guilty, who began his activity in crime many years ago in his native Alabama and who has added to it more than once since he arrived in the District of Columbia. This we are unwilling to do.

Affirmed.

EDGERTON, Associate Justice (dissenting).

I think the United States Attorney and his Assistants were eminently fair and right in confessing error.

Appellant was questioned by policemen for about thirty minutes soon after his arrest at 2 a. m. on Friday, June 6, 1947. He was questioned again at 9 or 10 a. m., at 11 a. m., at 5:30 p. m., and between 7:30 and 8 p. m.; in all, five times on Friday. Each time he denied guilt. On Saturday, June 7, about 9 a. m., he was questioned a sixth

---

[5] It should be noted that the words "inexcusable detention for the purpose of illegally extracting evidence" do not stand alone in the Mitchell opinion; on the contrary, such inexcusable detention is coupled by the Court with the aggravating circumstances of "continuous questioning for many hours under psychological pressure." To suggest that only "inexcusable detention for the purpose of illegally extracting evidence" caused the McNabb ruling is to distort the language of the Mitchell opinion.

time and admitted guilt. Half an hour later he signed a confession which he repeated and acknowledged during the day. When he first confessed, he had been under arrest for more than 30 consecutive hours. That period included the whole of one regular working day (Friday). He was not taken before a committing magistrate until Monday, June 9. At the trial a police detective frankly explained why that was not done on Friday morning: "We didn't have anything to take him to the Police Court with. * * * I didn't feel that we had a sufficient case against him to have the Police Court hold him, and if the Police Court did hold him we would lose custody of him and I no longer would be able to question him."

The law requires an arresting officer to "take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States."[6] Arrested persons without money or influence are not excepted. An arrested person with a criminal record is not excepted. "It is furthermore both by law and practice true that application for hearing might have been made to * * * committing magistrates at any hour. It follows that the detention was inexcusable and illegal at the outset."[7]

During the trial, the prosecutor described appellant's detention and questioning as "usual police procedure." The detective's explanation, and a number of cases that have reached this court, suggest that this procedure is not unusual in the District of Columbia. It is procedure in defiance of Congress and the courts. Unnecessary delay in producing a prisoner before a committing magistrate is false imprisonment. As this court says in its opinion, police executives should discipline officers who are guilty of this practice. It deprives the citizen of his liberty without due process of law. It is a violation of civil rights[8] that cannot be tolerated in a democratic society.

Until appellant's confessions were obtained, there was "inexcusable detention for the purpose of illegally extracting evidence."[9] It extracted the evidence. An event is presumably a result, not a coincidence, when it follows an act intended and likely to produce it. The presumption may be rebuttable in some cases, but in this case there is nothing to rebut it. Nothing suggests that the confession would have been obtained if the illegal detention had not occurred. The Boone case,[10] in which this court found no causal connection between illegal detention plus questioning and a confession that followed, is distinguishable from the present case on three grounds. (1) The illegal detention of Boone was not expressly shown to have been for the purpose of questioning him and extracting a confession from him. (2) The questioning of Boone was less exhausting than that of appellant. Boone was questioned twice, appellant six times. (3) Boone did not confess until long after the police stopped questioning him. Appellant confessed while he was being questioned.

I think the Boone case is not only distinguishable but wrong. "Causal connection between some kinds of pressure and subsequent confessions is obviously probable and should be assumed."[11] Illegal detention plus questioning, and particularly illegal detention plus extensive questioning, is an example of such pressure. When, as in this case, detention leads to extensive questioning that leads to a confession, it seems to me obvious that the detention leads to the confession. The Mitchell case,[12] from which this court inferred that

6 Rule 5, Federal Rules of Criminal Procedure. These Rules were prescribed by the Supreme Court pursuant to an Act of Congress of June 29, 1940, c. 445, 54 Stat. 688, 18 U.S.C.A. § 687.

7 Akowskey v. United States, 81 U.S. App.D.C. 353, 354, 158 F.2d 649, 650.

8. To Secure These Rights, Report of the President's Committee on Civil Rights (1947), p. 25.

9 United States v. Mitchell, 322 U.S. 65, 67, 64 S.Ct. 896, 88 L.Ed. 1140.

10 Boone v. United States, 82 U.S.App. D.C. 359, 164 F.2d 102.

11 Hawkins v. United States, 81 U.S. App.D.C. 376, 378, 158 F.2d 652, 654.

12 United States v. Mitchell, supra, note 9.

the Boone confession was admissible, held only that subsequent illegal detention does not rule out a confession previously and legally obtained. I find nothing in the Mitchell case to suggest what this court held in the Boone case, viz. that a prisoner who has been illegally held and extensively questioned before he confesses, and is still illegally held when he confesses, must offer additional proof that the detention and questioning caused the confession. In the present case there is the very substantial additional proof mentioned in the preceding paragraph. But I think the court errs in holding that any additional proof is necessary. The Mitchell case does not support that view and I think the McNabb case refutes it.

It is unimportant, if true, that a confession may be "voluntary" although extracted by illegal detention and questioning. Voluntary or not, a confession so extracted is not acceptable evidence in a federal court. That is what the Supreme Court held in the McNabb case. If a confession is found to be involuntary it is necessarily excluded on constitutional grounds. But the Supreme Court did not exclude the McNabb confessions as involuntary, or on constitutional grounds, but on other grounds that are present here. The Court said: "Judicial supervision of the administration of criminal justice in the federal courts implies the duty of establishing and maintaining civilized standards of procedure and evidence. Such standards are not satisfied merely by observance of those minimal historic safeguards * * * which are summarized as 'due process of law' and below which we reach what is really trial by force. * * * Quite apart from the Constitution, therefore, we are constrained to hold that the evidence elicited from the petitioners in the circumstances disclosed here must be excluded. For in their treatment of the petitioners the arresting officers assumed functions which Congress has explicitly denied them. * * * Legislation such as this, requiring that the police must with reasonable promptness show legal cause for detaining arrested persons, constitutes an important safeguard—not only in assuring protection for the innocent but also in securing conviction of the guilty by methods that commend themselves to a progressive and self-confident society. For this procedural requirement checks resort to those reprehensible practices known as the 'third degree' which, though universally rejected as indefensible, still find their way into use. It aims to avoid all the evil implications of secret interrogation of persons accused of crime."[13] Accordingly the Court said in the Mitchell case: "The McNabb decision was an exercise of our duty to formulate policy appropriate for criminal trials in the federal courts." The Court added: "We adhere to that decision and to the views on which it was based."[14]

The recent Haley case,[15] on the other hand, came to the Supreme Court from a State court, and the Supreme Court was therefore concerned only with the constitutional question whether Haley's confession was voluntary. We are concerned here, as the Supreme Court was in the McNabb case, with "the duty of establishing and maintaining civilized standards of procedure and evidence" in a federal court. Appellant's conviction should therefore be reversed. "Plainly, a conviction resting on evidence secured through such a flagrant disregard of the procedure which Congress has commanded cannot be allowed to stand without making the courts themselves accomplices in willful disobedience of law."[16]

---

[13] McNabb v. United States, 318 U.S. 332, 340, 341–342, 343–344, 63 S.Ct. 608, 613, 87 L.Ed. 819.

[14] United States v. Mitchell, supra note 9, at 68.

[15] Haley v. Ohio, 332 U.S. 596, 68 S.Ct. 302.

[16] McNabb v. United States, supra note 13, at page 345 of 318 U.S., page 615 of 63 S.Ct., 87 L.Ed. 819.