Vincent P. DELLE CHIAIE, Petitioner,
Appellant,

v.

Philip J. PICARD, Superintendent, Mas-
sachusetts Correctional Institution,
Norfolk, Respondent, Appellee.

No. 71–1068.

United States Court of Appeals,
First Circuit.

June 23, 1971.

Gordon A. Martin, Jr., Boston, Mass.,
by appointment of the Court, for peti-
tioner, appellant.

Joseph J. Hurley, Asst. Atty. Gen.,
with whom Robert H. Quinn, Atty. Gen.,
and Lawrence T. Bench, Sp. Asst. Atty.
Gen., were on brief, for respondent, ap-
pellee.

Before ALDRICH, Chief Judge, Mc-
ENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an appeal from the dismissal
of a petition for habeas corpus. In
1947, petitioner, Delle Chiaie, hereafter
defendant, then aged 20, was indicted
for the murder of a seven-year old girl.
He had signed a confession at the police
station without counsel. Thereafter he
was arraigned, also without counsel. He
sought to plead guilty, but the court
refused to accept the plea, and entered a
not guilty plea. At all relevant times
thereafter defendant has been represent-
ed by experienced counsel.

At the trial the confession was admit-
ted over objection. The attempted plea
was not offered, and the only support
for counsel's present speculation that the
jurors knew of it is his allegation that a
newspaper account of the attempted plea
appeared at the time of arraignment.
Defendant apparently made no such
objection at the trial. He was convicted,
and is now serving a life sentence, his
conviction having been affirmed on ap-
peal. Commonwealth v. Delle Chiaie,
1949, 323 Mass. 615, 84 N.E.2d 7.

In 1966, through counsel who had
been junior counsel at the trial, defend-
ant filed a petition for a writ of error.
The petition was dismissed. Delle

Chiaie v. Commonwealth, 1968, 353 Mass. 771, 233 N.E.2d 914. The present petition followed. The district court dismissed, without hearing, on the ground that defendant had not exhausted his state remedies. On this appeal defendant contends that by the two previous proceedings he sufficiently did so. Alternatively, he contends that there are exceptional circumstances which should cause us to hold that further state pursuit is excused, an allegation we find unnecessary to discuss separately.

■ This is an unusual case. Defendant's principal contention is that his confession was involuntary. However, at his trial his counsel in positive terms denied such a claim. The then contention was that the paper he signed did not contain what defendant had orally told the police. This was an evidentiary matter resolved against him, and is not now raised. In his subsequent petition for a writ of error defendant somewhat straddled the question of involuntariness. He asserted that he was denied "due process" in that, *inter alia*, a large, angry crowd had been outside the station house,* but he did not aver in the petition itself, or offer direct testimony, that his confession was in fact involuntary. The court held that the record presented to it, composed principally of a sparse statement of agreed facts, was inadequate to present a case worthy of judicial consideration. Delle Chiaie v. Commonwealth, ante, at 772, 233 N.E.2d 914.

■ The Assistant Attorney General interprets this dismissal as being without prejudice. We agree. He further represented that if we affirmed the decision of the district court the Attorney General would take the position in any subsequent state court proceedings that defendant had not in fact previously presented his case properly to the state court, and should now be entitled to do so. We accept this undertaking. It is clear on the basis of the present petition that defendant has alleged a case on which he should have an evidentiary hearing somewhere. We believe the Commonwealth is entitled to have it in its own courts. *See* United States ex rel. Kessler v. Fay, S.D.N.Y., 1964, 232 F.Supp. 139. This is not that "rare case" in which the deprivation of constitutional rights appears prima facie on the face of the record, so that exhaustion can be found in the state court's dismissal of the appeal on procedural grounds. When the only coercive force alleged was an undefined fear of a crowd outside the station, not affirmatively alleged to be causal, rather than direct fear of the police, a court might well demand a better record as a condition to its hearing the case. *Compare* Stein v. New York, 1952, 346 U.S. 156, 182, 73 S.Ct. 1077, 97 L.Ed. 1522, *with* Hawkins v. United States, 1946, 81 U.S. App.D.C. 376, 158 F.2d 652, 653–654, cert. denied, 331 U.S. 830, 67 S.Ct. 1347, 91 L.Ed. 1844. Even where the procedural deprivation reached constitutional proportions, we have in the past offered the state court an opportunity to reconsider its decision. Wilbur v. State, 1 Cir., 1970, 421 F.2d 1327. *See* State of Maine v. Wilbur, 1971, Me., 278 A.2d 139. We assume that at the same time the Massachusetts court will consider defendant's other point, and determine whether he suffered any prejudice from lack of counsel at the arraignment. *Cf.* Chin Kee v. Commonwealth, 1 Cir., 1969, 407 F.2d 10, cert. denied, 395 U.S. 982, 89 S.Ct. 2143, 23 L.Ed.2d 770.

Affirmed.

---

* Defendant also alleged that he had had only limited education, that he was unaware of his right to remain silent and to have counsel, and that the interrogation lasted several hours. As the Supreme Court has indicated, however, these factors are not in themselves coercive, but rather are "relevant only in establishing a setting in which actual coercion might have been exerted." Procunier v. Atchley, 1971, 400 U.S. 446, 453, 91 S.Ct. 485, 489, 27 L.Ed.2d 524. Thus, the only coercive force alleged by defendant was possible fear of mob violence.